UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

JACOBSON DEVELOPMENT GROUP, LLC,

                Appellant,

     -against-

OFFICE OF THE UNITED STATES TRUSTEE,
ANDREW M. THALER, ESQ. CHAPTER 7
TRUSTEE OF THE BANKRUPTCY ESTATE
OF JACOBSON DEVELOPMENT GROUP,
LLC, GARY GROSSMAN, YNEWS INC.,
QUANTUM LEAP INC., ARABIAN NIGHTS
HOLDINGS LLC, DOM-REZ AFFILIATES,
LLC, and BABYLON JAZ LLC,

                Appellees.
──────────────────────────────X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
22-CV-604 (JMA)

**FILED**
**CLERK**

12:01 pm, Mar 08, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

     Appellant Jacobson Development Group, LLC ("Appellant" or "Jacobson"), the debtor in this Chapter 11 bankruptcy case, appeals from a January 18, 2022 Order (the "Bankruptcy Court Order") of Judge Louis A. Scarcella of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") converting Jacobson's Chapter 11 case to a Chapter 7 bankruptcy case. (Bankruptcy Court Order, ECF No. 1; <u>see</u> <u>In re Jacobson Development Group, LLC</u>, Bankr. No. 8-21-70087, ECF No. 85.)  For the reasons set forth below, the Bankruptcy Court's judgement is **AFFIRMED**.

**I. BACKGROUND**

     The Court assumes the parties' familiarity with the facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the record on appeal, the filings in Appellant's bankruptcy proceeding, and the briefs filed by the instant parties.

## A.  The Parties' Pre-Bankruptcy Activities

On or about February 19, 2020, a final judgment was entered in the New York State Supreme Court, Nassau County in favor of an individual known as Mary Middleton (the "Middleton Judgment"), and against the Appellant, in the sum of $426,216.80.  (See ECF. No. 3, Bankruptcy Record ("BR"), at 16.).  On February 27, 2020, the Middleton Judgment was assigned to Appellee Dom-Rez Affiliates, LLC ("Dom-Rez"), which subsequently commenced enforcement proceedings.  (Id.)  In connection therewith, Dom-Rez delivered an execution to the Office of the Sheriff of Nassau County, which served the execution on the Appellant in September 2020, and thereafter began to levy, for the purpose of sale, upon certain assets belonging to Jacobson, namely its interest in a pair of mortgages (the "Mortgages") executed by Appellant as mortgagee and Appellee Arabian Knights Holdings, LLC ("Arabian Knights"), as mortgagor.  (Id. at 51, 73.)  A Sheriff's auction to sell Appellant's interest in the Mortgages was scheduled for January 20, 2021.  (Id.)

## B.  Appellant's Chapter 11 Bankruptcy Petition & Dom-Rez Settlement Discussions

On January 20, 2021, just before the auction was scheduled to take place, Appellant filed a bankruptcy petition (the "Petition") under Chapter 11 of the bankruptcy code.  (BR at 7.)  The Petition identified two pre-petition lawsuits as assets.  (Id. at 63.)  The first is the action titled, Grossman, et al. v. Jacobson Development Group, et al., Index No. 0601902/2017, brought by Appellees Gary Grossman, Yews, Inc., Quantum Leap Inc., and Arabian Nights (collectively, the "Grossman Appellees").  (Id. at 16-17.)  The Grossman Appellees removed this pending state court action to the Bankruptcy Court (the "Adversary Proceeding").  In the Adversary Proceeding, the Grossman Appellees sued Jacobson and its principal, Alexander Jacobson, for breach of a joint venture agreement, and are listed as Jacobson's creditors.  (See id.)  Jacobson asserted a pair of

counterclaims against the Grossman Appellees in the Adversary Proceeding, seeking to foreclose on two mortgages.  (Id. at 21.)  The second action listed in the Petition is titled Jacobson Development Group, LLC v. Grossman, et al., Index No. 0603297/2020, where Jacobson is suing the Grossman Appellees for an alleged breach of a different joint venture agreement.  (Id. at 21, 63.)  Jacobson's claims in this matter are also listed as bankruptcy estate assets.  (Id. at 21.)

Approximately nine months after filing the Petition, Jacobson sought to settle with Dom-Rez, and claimed to have funds to fully satisfy the Middleton Judgment.  To that end, Appellant and Dom-Rez agreed to a settlement dated November 19, 2021, that provides, in relevant part:

> Within seven (7) business days after the full execution of this Stipulation, the Debtor shall (i) move the Court for an Order dismissing the instant Chapter 11 Case under 11 U.S.C. Section 1112(b) (the 'Dismissal Motion'), with payment to Dom-Rez in full satisfaction of the Middleton Judgment with accrued interest as provided for hereinafter and (ii) in so moving the Bankruptcy Court, disclose and provide evidence of the source of the funds being used to satisfy the Middleton Judgment and the agreement, if any at all, between the Debtor and the funding source and the use of such funds and (iii) will provide evidence that the funds have been deposited with the Debtor's counsel in escrow before the return date of the hearing on the Dismissal Motion.

See id. at 358-59 (the "Settlement").  Before agreeing to the Settlement, Jacobson represented that the funds available to satisfy the Middleton Judgment were in a bank account controlled by Alexander Jacobson.  (Id. at 353-55.)

**C.  Appellant's Motion to Dismiss and the January 13, 2022 Bankruptcy Court Hearing**

On or about November 22, 2021, Jacobson filed a motion under 11 U.S.C. §1112(b) ("Section 1112(b)"), seeking approval of the Settlement and dismissal of its Chapter 11 bankruptcy case.  (Id. at 341.)  Appellant's motion was scheduled to be heard on December 16, 2021, but was adjourned to January 13, 2022 at Jacobson's request, so it could respond to objections and comply with the Settlement.  (Id. at 341.)  Dom-Rez filed a limited objection to Appellant's dismissal motion, and urged the Bankruptcy Court not to approve the Settlement because Jacobson had

breached the settlement agreement by failing to :  (1) disclose any information regarding the funding source's solvency or how it would get the funds; or (2) deposit the funds in the attorney's escrow account.  (Id. at 366-69.)  The Grossman Appellees also objected to Jacobson's motion and argued that the Settlement preferred Dom-Rez over other creditors, in violation of Czyzewski v. Jevic Holding Corp., 137 S. Ct. 973 (2017).  (See id. at 364-65.)

At the January 13, 2022 hearing, Jacobson's counsel could neither confirm that the funds were in his escrow account as required by, nor represent that Jacobson could proceed with, the Settlement.  (Tr.[1] 7-8, 12-15.)  Appellant's counsel further conceded that there was no possibility for Jacobson's reorganization, and that the Petition had been filed merely to obtain a stay of the Sheriff's auction.  (Id. at 12 ("[T]he bankruptcy filing was necessitated because we couldn't get a stay and an order to show cause in the state court to stop [Dom-Rez] from going forward with their sheriff's execution sale…")).   Notwithstanding, Appellant's counsel still sought dismissal of Jacobson's Chapter 11 case.  (Id. at 15-16.)

**D.  The Bankruptcy Court's Conversion of Appellant's Chapter 11 Bankruptcy Case**

After hearing these arguments, Judge Scarcella concluded that Appellant's reorganization was not possible, and that the case should either be dismissed or converted to a Chapter 7 case.  (Id. at 19.)  In support of conversion, Dom-Rez highlighted that:  (1) the Mortgages were estate assets, the validity of which will be determined in the Adversary Proceeding; (2) the Petition was filed merely to stop Dom-Rez's scheduled auction; and (3) Jacobson filed the Petition in bad faith.  (See id. at 20-25.)  The Grossman Appellees objected as well and argued that Dom-Rez's status as a secured creditor vis-à-vis Jacobson depended on the outcome of the Adversary Proceeding, meaning that the Settlement could not be approved pursuant to Jevic.  (Id. at 27.)  Counsel for the

---

[1] Citations to "Tr." refer to pages of the transcript of the Bankruptcy Court hearing held on January 13, 2022.

Office of the United States Trustee confirmed that conversion from a Chapter 11 case to a Chapter 7 case was in the best interest of the creditors and Jacobson's bankruptcy estate.  (Id. at 28.)

After considering the entire record and the parties' arguments, the Bankruptcy Court determined that cause existed to dismiss Jacobson's Chapter 11 case or convert it from Chapter 11 to Chapter 7 and exercised its discretion to convert rather than dismiss the case.  (Id. at 33-34.) The instant appeal followed on February 1, 2022.  (See ECF No. 1.)  On appeal, Jacobson argues that the Bankruptcy Court abused its discretion by:  (1) converting the Appellant's Chapter 11 case to a Chapter 7 case; and (2) not approving the Settlement.  For the reasons set forth below, the Bankruptcy Court's Order is **AFFIRMED** and Appellant's appeal is **DENIED**.

## II. DISCUSSION

### A.  Legal Standard

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges."  28 U.S.C. §§ 158(a)(1), (3).  District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo.  See In re Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012); Washington v. Chapter 13 Tr., No. 19-cv-7028, 2020 WL 5077403, at *2 (E.D.N.Y. Aug. 26, 2020); Wenegieme v. Macco, No. 17-cv-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018).

Discretionary rulings of a bankruptcy court are reviewed for abuse of discretion.  See Sterling v. 1279 St. John's Place, LLC (In re Sterling), 737 F. App'x 52, 53 (2d Cir. 2018) (summary order).  Because the decision to dismiss a bankruptcy case under § 1112(b) is discretionary, a bankruptcy court's decision to dismiss or convert a party's Chapter 11 case is

reviewed for abuse of discretion.  <u>Lippman v. Big Six Towers, Inc.</u>, No. 20-cv-973, 2021 WL 1784312, at \*2 (E.D.N.Y. May 5, 2021) (citing <u>In re Taylor</u>, No. 97-CV-5967, 1997 WL 642559, at \*1 (S.D.N.Y. Oct. 16, 1997)).  In addition, a district court "'may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below.'"  <u>Wenegieme</u>, 2018 WL 334032, at \*2 (quoting <u>In re Miller</u>, Nos. 08-cv-4305, 08-cv-4306, 2009 WL 174902, at \*1 (S.D.N.Y. Jan. 26, 2009)).

## B.  <u>Analysis</u>

It is well-settled that, unlike debtors who seek dismissal of their Chapter 12 or 13 bankruptcy cases pursuant to 11 U.S.C. § 1112(b), "a Chapter 11 debtor does not enjoy an absolute right to a dismissal of its bankruptcy."  <u>In re Kingsbrook Dev. Corp.</u>, 261 B.R. 378, 379 (Bankr. W.D.N.Y. 2001).  To this end, the ultimate decision of whether a debtor's Chapter 11 case should be dismissed or converted rests within the sound discretion of the bankruptcy court.  <u>See</u> <u>In re 461 7th Ave. Mkt., Inc.</u>, 623 B.R. 681, 692 (S.D.N.Y. 2020), <u>aff'd</u>, No. 20-3555, 2021 WL 5917775 (2d Cir. Dec. 15, 2021); <u>In re Larmar Estates, Inc.</u>, 6 B.R. 933, 937 (Bankr. E.D.N.Y. 1980).  Indeed, Section 1112(b) permits the Bankruptcy Court to dismiss or convert a Chapter 11 bankruptcy case to a Chapter 7 case "for cause" as long as doing so is in the best interests of the creditors and the bankruptcy estate.  <u>See</u> <u>In re Just Plumbing & Heating Supply, Inc.</u>, No. 11-10151, 2011 WL 4962993, at \*2 (Bankr. S.D.N.Y. Oct. 18, 2011); <u>In re Babayoff</u>, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011); <u>In re FRGR Managing Member LLC</u>, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009).

Moreover, bankruptcy courts may consider multiple factors when making such a decision, and there is "no bright-line test to determine whether conversion or dismissal is in the best interest of creditors in the estate."  <u>In re Fleetstar LLC</u>, 614 B.R. 767, 781 (Bankr. E.D. La. 2020) (citing

In re Koerner, 800 F.2d 1358, 1367 (5th Cir. 1986)).

Appellant claims that the Bankruptcy Court committed reversible error by: (1) converting the Appellant's Chapter 11 case to a Chapter 7 case; and (2) not approving the Settlement. The Court disagrees and denies Jacobson's appeal.

1.   **The Bankruptcy Court Did Not Abuse Its Discretion by Converting Appellant's Chapter 11 Bankruptcy Case to a Chapter 7 Case**

Jacobson initially contends that the Bankruptcy Court abused its discretion by converting its Chapter 11 bankruptcy case to a Chapter 7 case, rather than granting Jacobson's motion to dismiss its bankruptcy case entirely. As noted above, the Bankruptcy Court may dismiss or convert a Chapter 11 bankruptcy case to a Chapter 7 case "for cause" assuming it is done in the best interests of the creditors and the bankruptcy estate. See In re Fleetstar LLC, 614 B.R. at 781.

As a threshold matter, reorganization of a debtor under Chapter 11 of the United States Bankruptcy Code is intended to assist financially distressed business entities by providing them with breathing space to return to viability. See Clear Blue Water, LLC v. Oyster Bay Mgt. Co., LLC, 476 B.R. 60, 66 (E.D.N.Y. 2012) (internal citation omitted). However, a finding that, as of the filing date, a debtor is unlikely to emerge from bankruptcy and has no chance of reorganizing, suggests that such a filing is in bad faith and establishes the necessary "cause" to either dismiss the Chapter 11 action or convert it to a Chapter 7 action. See In re Encore Prop. Mgt. of W. New York, LLC, 585 B.R. 22, 29-30 (Bankr. W.D.N.Y. 2018); see also In re C–TC 9th Ave. P'ship, 113 F.3d 1304, 1310 (2d Cir.1997).

A review of the Bankruptcy Court's decision to convert Jacobson's Chapter 11 bankruptcy case to a matter under Chapter 7 reveals no abuse of discretion. Indeed, the Bankruptcy Court based its decision to convert this matter rather than dismiss it, on the arguments advanced by Appellant at the January 13, 2022 hearing, namely Appellant's "rather clear" concession that its

Chapter 11 bankruptcy case bore "no reorganization purpose." (Tr. 27.) This finding provided "cause" for the Bankruptcy Court to convert Jacobson's Chapter 11 case to a Chapter 7 case; its decision to do so was not an abuse of discretion. See Clear Blue Water, LLC, 476 B.R. at 66; In re Encore Prop. Mgt. of W. New York, LLC, 585 B.R. at 29-30. Accordingly, the Court concludes that the Bankruptcy Court did not abuse its discretion by converting Appellant's Chapter 11 Bankruptcy case to a Chapter 7 case and denies Jacobson's appeal on this ground.[2]

**2. The Bankruptcy Court Did Not Abuse Its Discretion by Denying Appellant's Motion to Approve Its Settlement With Dom-Rez**

Appellant next argues that the Bankruptcy Court abused its discretion by denying its motion to approve the Settlement. This prong of Jacobson's appeal appears to be based on the Bankruptcy Court's: (1) allegedly improper consideration of the Grossman Appellees' objection to Appellant's motion to dismiss; and (2) Dom-Rez's purported lack of an objection to the motion. These unsupported arguments are unavailing. As a threshold matter, the Court notes that while Dom-Rez did not object when Appellant initially filed its motion to dismiss – perhaps believing a settlement would be reached – it objected at the January 13, 2022 hearing, and asked the Court to not approve the Settlement. (See Tr. 18-25.) Moreover, Appellant points to no part of the January 13, 2022 hearing transcript from which this Court could conclude that the Bankruptcy Court considered, much less that it inappropriately relied, on either of the above grounds.

A review of the Bankruptcy Court's decision denying Jacobson's motion to approve the unconsummated Settlement with Dom-Rez reveals no abuse of discretion. Indeed, under the terms of the Settlement, Jacobson was required to deposit the settlement funds in its counsel's attorney escrow account in advance of the hearing on its motion to dismiss. At the hearing, however,

---

[2] The Court rejects Appellant's meritless argument that the instant matter is "essentially a two-party dispute." Based on the Grossman Appellees' initial involvement with, and removal of, this matter to this Court, it is apparent that more than two parties are involved in the instant matter.

Jacobson conceded that it had failed to do so, and its counsel indicated that he "wouldn't proceed with that portion" of Jacobson's motion to dismiss at that hearing.  (Tr. 8.)  After this concession, the Bankruptcy Court proceeded to evaluate the extent to which Appellant's motion to dismiss should be granted – and its bankruptcy action discontinued – or converted from a Chapter 11 bankruptcy case to one brought under Chapter 7.  To this end, the Bankruptcy Court acted reasonably, and did not abuse its discretion in declining to grant a plausibly withdrawn motion.

Even assuming, arguendo, that the Bankruptcy Court's post-concession decision to proceed directly to converting Jacobson's Chapter 11 case to a Chapter 7 matter constituted a denial of its motion to dismiss, such a denial would not have been an abuse of the Bankruptcy Court's discretion because approving an unconsummated settlement, where one party had already defaulted, would have been both inappropriate and not in the best interests of the creditors and the bankruptcy estate.  See In re Just Plumbing & Heating Supply, Inc., 2011 WL 4962993, at *2.  The Court thus concludes that the Bankruptcy Court did not abuse its discretion in denying Appellant's motion to approve its unconsummated settlement with Dom-Rez and denies Appellant's appeal in its entirety.[3]

## **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's Order is **AFFIRMED** and Appellant's appeal is **DENIED**.  The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:  March 8, 2023
        Central Islip, New York

                                    _____/s/ (JMA)_____
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE

---

[3] The Court further rejects Appellant's unsupported argument that the Bankruptcy Court inappropriately relied on the Supreme Court's ruling in Jevic to reach its decision to deny the Settlement.